U.S. District Court of Maryland
Hon. Judge Deborah K. Chasanow
6500 Cherrywood Lane
Greenbelt, MD 20770

Defendant's Notice of Intent

United States v. Njuh Fombe, Criminal Case DKC-19-452

## Plea of Guilty to Counts 1 and 2

The defendant, Njuh Valentine Fombe, hereby gives notice to the Court of his intent to plead guilty to Count 1 and 2 of the indictment, alleging violations of 18 U.S.C. § 1343, Conspiracies to commit Wire Fraud (§ 1349) and Money Laundering (§ 1956). Mr. Fombe does not admit every act alleged in those counts of the indictment but admits facts sufficient to establish the substantive existence of the charged conspiracy in each of the Counts.

## Rule 23 Written Waiver

The defendant hereby provides formal notice of his waiver of a right to a trial by jury on Count 3 of the indictment against him. This waiver is contingent on 1) the continued assignment of Judge Chasanow as the Court and 2) trial on Count 3 on commencing no later than 13 December 2023.

## Elements of the Conspiracy Offense

### Conspiracy Elements

The defendant admits that he and at least one other person agreed to undertake a common plan to commit wire fraud and money laundering. In each Conspiracy, one of the members of each conspiracy involving Mr. Fombe undertook an overt act to further the conspiracy.

### Punitive Exposure

The maximum sentence of incarceration for each offense is 20 years confinement. Each offense also carries other penalties including a fine. The Court may also order restitution, and, or forfeiture, as well as post-trial supervision up to 3 years.

Waiver of Rights

The defendant is aware the decision to plea guilty involves the waiver of several important rights among these are:

The Right to Plead Not Guilty and have his Guilt determined by an impartial trier of fact, wherein the burden of proof would be carried by the prosecution throughout the trial.

The right to counsel at the trial and the right to present a defense including witnesses, evidence, and even testimony by the defendant, on his own behalf.

The right to appeal a guilty verdict if he lost a contested trial on Counts 1 and 2.

No Agreement

This notice is not premised on any agreement between the parties. or between any party and the Judge.  The defense takes the position that the Court should consider a three level reduction in the in any guidelines calculation for the defendant due to his prompt recognition of and acceptance of responsibility for the offenses resolved by a plea of guilty.  That defense position is in no way binding on the United States Attorney's office (or the Court.)

Factual Basis for the Guilty Plea

The Defendant avers the following facts as the basis of his plea of guilty.

At all relevant times, Defendant, Njuh Valentine Fombe was a resident of Maryland.

Business Email Compromise ("BEC") schemes are schemes in which victims are deceived into sending money via wire transfers or other electronic funds transfers to bank accounts controlled by criminal perpetrators.  The victims erroneously believe the transfers are being sent to accounts of legitimate creditors when, in fact, the money is sent to bank accounts controlled by criminal perpetrators.

WhatsApp is an encrypted Internet-based multimedia messaging service used via a smartphone application that functioned using both cellular and wireless data connections.

Drop Accounts

"Drop Accounts" are bank accounts opened or controlled by Mr. Fombe and co-conspirators that were used to receive money from victims of BEC schemes.

The Wire Fraud Conspiracy

Beginning at least in or about September 2016, and continuing until at least in or about August 2018, in the District of Maryland and elsewhere Mr. Fombe and others knowingly and willfully conspired with each other and other persons to devise a scheme to defraud, and thereby obtain money and property by means of materially false and fraudulent pretenses, representations, and promises ("the scheme to defraud").  In the course of attempting to execute and actually executing the scheme to defraud, they transmitted and caused to be transmitted by means of wire communication, in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, in violation of 18 U.S.C. § 1343.

It was part of the conspiracy and scheme to defraud that the co-conspirators gained unauthorized access to email accounts, personal identifying information, and bank accounts associated with individuals and businesses targeted by the co-conspirators (collectively, "the Victims"). The co-conspirators then sent false wiring instructions to the Victims' email accounts from spoofed email accounts and produced and obtained counterfeit and fraudulent checks drawn upon (and purporting to be drawn upon) the Victims' bank accounts.  Mr. Fombe and his co-conspirators registered, and caused to be registered, in Maryland and elsewhere, businesses that were fraudulent, fictitious, or shell entities.  In addition, Mr. Fombe and his co-conspirators opened and managed, and caused to be opened and managed, Drop Accounts held in their own names, in aliases, and in the names of shell businesses that they had registered, in some cases to direct into and receive the proceeds of BEC schemes.  Mr. Fombe and his co-conspirators sometimes communicated via WhatsApp and other means of electronic communication to provide to each other information related to the BEC schemes and Check schemes, including Drop Account and wire transfer information. The co-conspirators caused the victims and the financial institutions at which victims held bank accounts, to use the wires to transfer money to Drop Accounts.

In furtherance of the conspiracy Mr. Fombe and others established companies such as, Swift Transfers LLC and PGP Holdings in the District of Maryland.  Those businesses were established primarily for the purpose of completing fraudulent transactions, wherein the proceeds of the BEC schemes described above would be deposited and ultimately converted to cash and other items of value.  Both businesses through their accounts, were used to facilitate fraudulent financial transactions using interstate wire communications.

Mr. Fombe's direct actions in the course of the conspiracy resulted in the actual loss at least $40,000 to various victims.

The Money Laundering Conspiracy

Beginning at least in or about May 2017, and continuing until at least in or about August 2018, in the District of Maryland and elsewhere, Mr. Fombe and others did knowingly and willfully conspire with each other and others to conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity—to wit, wire fraud, in violation of 18 U.S.C. § 1343—while knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful

activity and (a) with the intent to promote the carrying on of specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(A)(i); and (b) knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

It was part of the conspiracy that Mr. Fombe and his co-conspirators opened and managed, or caused to be opened and managed, Drop Accounts held in their own names, in aliases, and in the names of shell businesses that he or others had registered, the transfer of money was not for a legitimate purpose but was part of a plan to hide true ownership of the money transferred and disguise the nature of the funds being in fact proceeds of criminal wire fraud. Mr. Fombe then disbursed the money received from the victims into Drop Accounts by using wires to transfer money to other Drop Accounts, by withdrawing sums of money in cash, by obtaining cashier's checks, and by writing checks to other individuals or entities, all to facilitate or promote the wire fraud conspiracy and to hide true ownership or otherwise disguise the nature, source, and control of those assets.

_____
Njuh Valentine Fombe
Defendant

_____
Kwasi Hawks
Counsel for the Defendant

cf.
Ms. Kelly Hayes, USAO, MD
U.S. Probation Office, Greenbelt