**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | **CRIMINAL NO. DKC-19-452** |
| | * | |
| **NJUH VALENTINE FOMBE,** | * | |
| | * | |
| **Defendant** | * | |
| | * | |
| | ****** | |

## JOINT PROPOSED ELEMENTS AND
## NOTICE REGARDING PENDING MOTIONS

The government and counsel for defendant Njuh Valentine Fombe jointly submit that the below elements are the applicable elements for the Court to consider as to Count Three of the Indictment (Aggravated Identity Theft, 18 U.S.C. § 1028A).  Except where stated, the requested instructions are standard instructions from L. Sand, J. Siffert, W. Loughlin & S. Reiss, *Modern Federal Jury Instructions: Criminal*.

In addition, the government no longer intends to introduce evidence obtained from the defendant's wife's phone in its case-in-chief, which is the evidence underlying the defendant's motion to suppress (ECF 121).  As such, the government respectfully submits that the Court shall deny the defendant's motion to suppress as moot.

For the reasons set forth in its motion in limine to admit evidence of the defendant's flight, ECF 124, the government reserves the right to argue that such evidence, including evidence obtained from the defendant's wife's phone, remains relevant and admissible to cross-examine the defendant if he elects to testify.

Respectfully submitted,
Erek L. Barron
United States Attorney

_____/s/_____
Kelly O. Hayes
Christopher M. Sarma
Assistant United States Attorneys

**<u>Elements of the Offense</u>**

In order to find the defendant guilty of aggravated identity theft, the government must prove the following elements beyond a reasonable doubt:

First, that the defendant knowingly, or with willful blindness, used, transferred, or possessed a means of identification of another person.

Second, that the defendant used the means of identification during and in relation to the offense of conspiracy to commit wire fraud, as charged in Count One of the indictment.

Third, that the defendant acted without lawful authority.

Sand, <u>Modern Federal Jury Instructions</u> 39A-51 (modified).

**First Element – Use of Means of Identification**

The first element which the government must prove beyond a reasonable doubt is that the defendant knowingly, or with willful blindness, used a means of identification of another person.

The term "means of identification" means any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including but not limited to any name, social security number, or date of birth.

In addition, the government must prove both that the means of identification was that of an actual person (living or dead), and that the defendant knew that the means of identification was that of an actual person.

To act knowingly means to act voluntarily and intentionally and not by mistake or accident.

In determining whether the defendant acted knowingly, you may consider whether the defendant deliberately closed his eyes to what would otherwise have been obvious to him. If you find beyond a reasonable doubt that the defendant acted with (or that the defendant's ignorance was solely and entirely the result of) a conscious purpose to avoid learning the truth (e.g., that the statement was false), then this element may be satisfied. However, guilty knowledge may not be established by demonstrating that the defendant was merely negligent, foolish or mistaken.

If you find that the defendant was aware of a high probability that (e.g., the statement was false) and that the defendant acted with deliberate disregard of the facts, you may find that the defendant acted knowingly. However, if you find that the defendant actually believed that (e.g., the statement was true), he may not be convicted.

It is entirely up to you whether you find that the defendant deliberately closed his eyes and any inferences to be drawn from the evidence on this issue.

Sand, <u>Modern Federal Jury Instructions-Criminal</u> 39A-52 (modified)
Sand, <u>Modern Federal Jury Instructions-Criminal</u> 3A-2

## **Second Element – Commission of Predicate Offense**

The second element which the government must prove beyond a reasonable doubt is that the defendant used, transferred, and possessed the means of identification during and in relation to the offense of conspiracy to commit wire fraud, as charged in Count One of the Indictment.

Sand, <u>Modern Federal Jury Instructions-Criminal</u> 39A-53.

## **Third Element – Without Lawful Authority**

The third element which the government must prove beyond a reasonable doubt is that the defendant acted without lawful authority.

To act without lawful authority means to act without the lawful authorization of the individual to use the means of identification.

Sand, Modern Federal Jury Instructions 39A-54 (modified).